PER CURIAM:
Claimants brought this action for vehicle damage which occurred when their 1996 Jeep Grand Cherokee struck a hole while traveling on County Route 50/87, also known as Emily Drive, in Clarksburg, Harrison County. County Route 50/87 is a road maintained by respondent. The Court is of the opinion to make an award in this claim for the reasons more fully stated below.
The incident giving rise to this claim occurred around 5:45 p.m. on February 9, 2004, a cold and clear day. County Route 50/87 is a four-lane highway at the area of the incident involved in this claim. Claimant Bonnie Wright testified that she was driving on County Route 50/87 when she saw the hole. Ms. Wright stated that the hole was one to one-and-a-half feet wide and about six to eight inches deep. Claimants’ vehicle struck the hole sustaining damage to an onboard computer located over the right front fender totaling $572.40. Claimants’ insurance deductible was $500.00.
The position of the respondent is that it did not have actual or constructive notice of the condition on County Route 50/87 at the site of the claimant’s accident for the date in question.
Ronald Davisson, a Maintenance Supervisor for the respondent in Harrison County, testified that there had been some complaints regarding holes on County Route 50/87 in Clarksburg prior to the date of claimants’ incident. Mr. Davisson stated that there was a slip along County Route 50/87 in the area of claimants’ incident that was causing problems along the road. Respondent maintains that it had no actual or constructive notice of the hole that claimants’ vehicle struck on County Route 50/87.
The well-established principle of law in West Virginia is that the State is neither an insurer nor a guarantor of the safety of travelers upon its roads. Adkins vs. Sims, 130 W.Va. 645; 46 S.E.2d 81 (1947). In order to hold respondent liable for road defects of this type, a claimant must prove that respondent had actual or constructive *66 notice of the defect and a reasonable time to take corrective action. Chapman vs. Dept. of Highways, 16 Ct. Cl. 103 (1986).
In the instant case, the Court is of the opinion that respondent had at least constructive notice of the hole which claimants’ vehicle struck and that the hole presented a hazard to the traveling public. The size of the hole and the location of the hole in the road leads the Court to conclude that respondent had notice of this hazardous condition and respondent had an adequate amount of time to take corrective action. Thus, the Court finds respondent negligent and claimants may make a recovery for the damage to their vehicle.
In accordance with the findings of fact and conclusions of law stated herein above, the Court is of the opinion to and does make an award to the claimants in this claim in the amount of $500.00.
Award of $500.00.